IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Civil Action No. 5:24-cv-138

| | |
|---|---|
| CHERYL JOHNSTON,<br><br>      **Plaintiff,**<br><br>v.<br><br>NATHAN HEFNER, in his individual capacity, *et al.*,<br><br>      **Defendants.** | **CONSENT PROTECTIVE ORDER** |

  THIS MATTER is before the Court upon the consent of the Parties for the entry of a protective order pursuant to Rule 26 of the Federal Rules of Civil Procedure and N.C. Gen. Stat. § 160A-168 in order to obtain confidential personnel records from the Police Department for the City of Claremont and sensitive health care records from Plaintiff. In order for the litigation of this matter to proceed, it is appropriate that the materials be provided to the parties, subject to appropriate protections contained in this Order.

  By consent, IT IS HEREBY ORDERED THAT:

1. "Personnel information" is information which concerns or relates to an individual's application, selection or non-selection, promotions, demotions, transfers, leave, salary, suspension, job performance, disciplinary actions, and termination of employment wherever located and in whatever form, but expressly excludes any of the following: the employee's home residence, the identity of family members, insurance and benefits, medical history, social security number, and financial information. Personnel information may be located in but not limited to the following documents or materials: (a) personnel

files, (b) evaluations, (c) audio or video recordings depicting employees on the job, (d) Internal Affairs investigative files and the information contained therein, and (e) any other similar documents.

2. The term "health care information" shall include, but not be limited to, all information contained in any record produced or maintained by any health care provider – including but not limited to physicians, hospitals, advanced practice providers, mental health providers and therapists – that contains (a) demographic information, (b) medical history, (c) treatment information, (d) diagnostic information, (e) laboratory testing, imaging and result(s) thereof, (f) prescription and immunization information, (g) summary/ies or note(s), (h) insurance and billing information or record(s), or (i) medical authorization(s) and/or power(s) of attorney.

3. Any such personnel or health care information obtained in this action which is asserted by any Defendant herein to contain or constitute confidential personnel information shall be clearly or by Plaintiff to contain or constitute sensitive health care information and prominently marked on its face with the legend: "CONFIDENTIAL, PROTECTIVE ORDER," or a comparable notice.

4. In the absence of written permission from the entity producing the personnel or health care information or an order by the Court, any confidential personnel or health care information obtained in accordance with the provisions of paragraph 3 above shall not be disclosed to any person other than: (i) the Court and the employees thereof; (ii) court reporters and stenographers engaged for the taking of testimony; (iii) the parties to this action and their counsel, including necessary secretarial, paralegal, and clerical personnel assisting such counsel; (iv) experts and their staff who are employed for the purposes of this litigation but

who are not otherwise employed by, consultants to, or otherwise affiliated with a party; (v) witnesses who may see their own personnel or health care records; and (vi) witnesses whose testimony or consultation related to such personnel or health care records is reasonably necessary, but only if that person has signed written agreement to be bound by this Order in accordance with paragraph 5 below. Any confidential personnel or health care information shall be used solely for the purpose of this original action and in preparation for trial.

5. Personnel or health care information obtained in accordance with the provisions of paragraph 3 above shall not be made available to any person designated by paragraphs 4(iv) and 4(vi) unless he or she shall have first read this Order and agreed in writing: (i) to be bound by the terms thereof; (ii) not to reveal such confidential personnel or health care information to anyone not designated in paragraph 4; and (iii) to utilize such confidential personnel or health care information solely for the purposes of this litigation.

6. If the Court orders, or if the Defendants agree, that access to or dissemination of information obtained as confidential personnel or health care information shall be made to persons not included in paragraph 4 above, such matters shall only be accessible or disseminated to such persons based upon the conditions pertaining to and obligations arising from this Order, and such persons shall be considered subject to it.

7. If confidential personnel or health care information obtained in accordance with paragraph 3 is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to this disclosure to the attention of the Court and opposing counsel and, without prejudice

to other rights and remedies of the other party, make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information.

**SO ORDERED**.

Signed: November 21, 2024

_____
Susan C. Rodriguez
United States Magistrate Judge

CONSENTED TO BY:

**/s/Catharine Edwards**
Catharine Edwards
Raymond Tarlton
*Attorneys for Plaintiff*

**/s/Christian Ferlan**
Christian Ferlan
*Attorneys for Defendants City of Claremont and Nathan Hefner*

**/s/Skylar Etheridge**
Skylar Etheridge
R. Lee Robertson, Jr.
*Attorneys for Defendants Victory Builders, LLC, TPM Properties, Limited Partnership, and Daniel Hamilton*